IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, | ) ) |
| Plaintiff, | ) ) |
| | ) CIVIL ACTION NO. 1:14cv1063-WHA |
| | ) |
| CREW DEVELOPMENT, LLC, et al., | ) (wo) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**I.  FACTS AND PROCEDURAL HISTORY**

This cause is before the court on the Plaintiff's Motion for Partial Default Judgment which has been converted into a Motion for Summary Judgment (Doc. #46, 56).

The Plaintiff, Branch Banking and Trust Company ("BB&T"), originally filed a Complaint in this case on October 17, 2014.   The Complaint brings claims against Crew Development, LLC; Crew Distributing Company, Inc.,[1] and Michael A. Crew for breach of note (Count One) and account stated (Count Two).

BB&T has presented evidence of a Promissory Note to establish that Crew Development, LLC is indebted to BB&T, as successor in interest to Colonial Bank, in the original principal amount of $1,745,882.58, plus interest, attorneys' fees, and costs.   (Doc. #46-1).   BB&T has also presented evidence that Crew Development, LLC's obligations of payment and performance under the Note are jointly and severally guaranteed by Michael A. Crew ("Crew").   (Doc. #46-1 at ¶8). BB&T's affidavit evidence also establishes that the amount owed to BB&T as of August 5, 2015,

---

[1] The case has been stayed as against Crew Distributing Company, Inc. upon suggestion of bankruptcy.   (Doc. #59).

excluding attorneys' fees and costs, is $2,425,382.10 and that interest continues to accrue at the per diem rate of $335.0799.   (Doc. #46-1 at ¶9).   BB&T presents evidence that the loan documents provide for attorneys' fees, costs, and collection expenses which have been incurred in the amount of $88,778.12 as of August 6, 2015, which includes, $23,305.25 previously awarded, making the total due as of August 5, 2015, $2,514.495.29. (Doc. #46-3).   Finally, BB&T has presented affidavit evidence as to the reasonableness of the attorneys' fees incurred.   (Doc. #46-3).

For the reasons to be discussed, the Motion for Summary Judgment is due to be GRANTED.

## II.   DISCUSSION

BB&T filed a Motion for Default Judgment which was converted into a Motion for Summary Judgment.   The Motion was accompanied by supporting evidence, including two affidavits and loan documents.   The court issued an order giving the Defendants until September 22, 2015, to file a response to the Motion, and setting September 29, 2015 as the date of submission for the motion. (Doc. #56).   As of the date of this Memorandum Opinion and Order, no response in opposition to the Motion for Summary Judgment has been received by this court.

A district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion.   *U.S. v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004).   The district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials and must review all of the evidentiary materials submitted in support of the motion for summary judgment. *Id.* at 1101-02.   Accordingly, the court has reviewed the evidentiary materials presented by BB&T in accordance with Rule 56 of the Federal Rules of Civil Procedure.


A party asking for summary judgment pursuant to Rule 56 "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).   The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

In the instant case, BB&T has met this burden.   It has submitted evidence including the affidavit of its Vice President in the Problem Loan Administration Group; documents including the Promissory Note, Commercial Guaranty of Michael Crew; and the affidavit of an attorney, Joe A. Joseph, offering evidence as to the reasonableness of attorneys' fees.   (Doc. #46-1, 46-2 46-3).

Once the moving party has met its burden, Rule 56 "requires the nonmoving party to go beyond the pleadings," *Celotex*, 477 U.S. at 324, and cite "to particular parts of the materials in the record."   Rule 56(c)(1).    If the adverse party does not so respond, summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(a).

By failing to file any response to the Motion for Summary Judgment, Crew Development, LLC and Michael A. Crew have failed to meet their burden under Rule 56.   Further, the court has reviewed the evidentiary materials submitted by BB&T and finds no question of fact as to any material issue raised by BB&T as a ground for summary judgment, including, but not limited to, the fact that a Promissory Note was executed by Crew Development, LLC, that Michael A. Crew executed a guaranty, that indebtedness has been incurred for which these Defendants are jointly and severally liable, and that reasonable attorneys' fees and costs have been incurred.   The court finds that BB&T is entitled to judgment as a matter of law.

### III. CONCLUSION

For the reasons discussed, it is hereby ORDERED that the Motion for Summary Judgment (Doc. #46) is GRANTED.   The court further grants BB&T's request in its motion that it be allowed to seek a second judgment for damages suffered in connection with the Receivership at the conclusion of the Receivership aspect of the case.

A separate Judgment will be entered in accordance with this Order.


DONE this 6th day of October, 2015.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE